**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Michael Lashone Ferguson,                                   Case No. 23-cv-2489 (PJS/DJF)

                          Petitioner,

v.                                                                    **ORDER**

William Bolin,

                          Respondent.

---

This matter is before the Court on Petitioner Michael Lashone Ferguson's Petition for a

Writ of Habeas Corpus ("Petition") (ECF No. 1) and Motion to Stay the Proceedings ("Motion to

Stay") (ECF No. 3).  Having reviewed Mr. Ferguson's Petition pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts, the Court orders the

Respondent to file an Answer to the petition showing cause why the writ should not be granted.

The Court denies Mr. Ferguson's Motion to Stay for the reasons given below.

Mr. Ferguson's Motion to Stay asks the Court to stay these proceedings so that he may

return to state court to exhaust the following additional claims, which he has not previously

adjudicated in state court:  (1) ineffective assistance of trial counsel for failing to investigate, object

to prosecutorial misconduct, and object to the grand jury indictment; and (2) prosecutorial

misconduct for allowing its witnesses to perjure themselves before the grand jury and at trial (ECF

No. 4.)

As the Court understands it, Mr. Ferguson's Motion to Stay requests the Court to invoke

the "stay and abeyance" procedure described in *Rhines v. Weber*, 544 U.S. 269 (2005).  Under that

procedure, rather than dismiss a federal habeas petition as a "mixed petition" containing both

exhausted and unexhausted claims, *see Rose v. Lundy*, 455 U.S. 509 (1982), federal courts may

"stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his

previously unexhausted claims." *Rhines*, 544 U.S. at 275.  But the Supreme Court has cautioned

this procedure "should be available only in limited circumstances … when the district court

determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

Moreover, even if a petitioner has good cause for that failure, the district court would abuse its

discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* at

277.

As a threshold matter, Mr. Ferguson's Petition is not a "mixed petition" containing

exhausted and unexhausted claims.  Indeed, though at this stage in the proceedings the Court makes

no final determination regarding exhaustion, it finds Mr. Ferguson has sufficiently established—

for the purposes of preliminary screening under Rule 4 *only*—that he has exhausted the claims in

his Petition.[1]  Instead, it appears Mr. Ferguson requests leave of the Court to stay these proceedings

so that he can return to state court to assert *additional* claims and then file an amended Petition at

some later date after he has exhausted those new claims.

Moreover, Mr. Ferguson has not demonstrated *any* cause, much less good cause, for his

failure to first exhaust his additional claims before filing a habeas petition in federal court.[2]

Furthermore, if the Court were to stay Mr. Ferguson's Petition to allow him to return to state court

to exhaust his additional, unexhausted claims, the Court would likely be procedurally barred from

reviewing those claims.

---

[1] Nothing in this Order precludes the Respondent from seeking dismissal of this action for failure to exhaust state court remedies—or for any other reason.

[2] Notably, the time during which properly filed state court post-conviction proceedings are pending does not count towards the 1-year limitation period for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2).

In evaluating a petition for federal habeas corpus relief, "a district court is precluded from considering any issue that a state court has already resolved on an independent and adequate state ground." *Murray v. Hvass*, 269 F.3d 896, 899 (8th Cir. 2001). The general rule in Minnesota is that when "a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). This rule—called the "*Knaffla*" rule—"has been consistently followed by Minnesota courts for more than twenty years." *Murray*, 269 F.3d at 899 (citing *Townsend v. State*, 582 N.W.2d 225, 227-29 (Minn. 1998)); *see also Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007) (holding that when a claim of ineffective assistance of counsel can be resolved on the basis of the trial record, "it must be brought on direct appeal or it is barred by the *Knaffla* rule if raised in a postconviction petition.").

Mr. Ferguson claims ineffective assistance of counsel for failure to investigate, failure to object to prosecutorial misconduct, and failure to object to grand jury testimony. He claims prosecutorial misconduct on the ground that the prosecution allegedly allowed its witnesses to perjure themselves to the grand jury and at trial (ECF No. 4). But he has proffered no reason as to why he did not know or could not have known about these claims at the time of his direct appeals to the Minnesota Court of Appeals or the Minnesota Supreme Court. *See State v. Ferguson*, A21-0502, 2022 WL 1533253, at *1 (Minn. Ct. App. May 16, 2022). Thus, these claims are likely *Knaffla*-barred. *See, e.g.*, *McKenzie v. State*, 754 N.W.2d 366, 369-70 (Minn. 2008) (finding that ineffective assistance of counsel claims for failing to object to testimony, failing to interview and call rebuttal witnesses, and for making "racial remarks during closing statement" were *Knaffla*-barred); *Vance v. State*, 752 N.W.2d 509, 514 (Minn. 2008) (holding ineffective of counsel claim for failure to investigate, talk to witnesses, and call any witnesses to testify are *Knaffla*-barred).

Accordingly, even if Mr. Ferguson pursued these claims in a state post-conviction proceeding, they would likely be procedurally barred in state court because they were not raised at the time of his direct appeal.  Accordingly, they are likely procedurally defaulted and not subject to federal habeas review.  *See Owsley v. Bowersox*, 234 F.3d 1055, 1058 (8th Cir. 2000) ("A federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis.").  The Court thus denies Mr. Ferguson's Motion to Stay as this is not one of the "limited circumstances" in which *Rhines*' stay and abeyance procedure should apply.  544 U.S. at 277.[3]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.  Respondent is directed to file an answer to the petition for a writ of habeas corpus of Michael Lashone Ferguson showing cause why the writ should not be granted.

2.  Respondent's answer must fully comply with the requirements of Rules 5(b), (c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts and must include a reasoned memorandum of law and facts fully stating respondent's legal position on Mr. Ferguson's claims.  The answer must be filed with the Court within 28 days of the date of this order, and a copy of the answer must be served upon Mr. Ferguson simultaneously with such filing.

3.  If Mr. Ferguson intends to file a reply to the answer, he must do **so within 21 days of the date when Respondent's answer is filed**.  Thereafter, no further

---

[3] At any time *prior to* the adjudication of his habeas petition before this Court on the merits, Mr. Ferguson may return to state court to attempt and exhaust *all* the claims he wishes to bring under 28 U.S.C. § 2254.

submissions from either party will be permitted, except as expressly authorized by

Court order.

4.      Mr. Ferguson's Motion to Stay the Proceedings (ECF No. [3]) is **DENIED**.


Dated: September 15, 2023                 *s/ Dulce J. Foster*
                                          DULCE J. FOSTER
                                          United States Magistrate Judge